Eli I. GOODMAN and Arlene S. Goodman, Appellants,

v.

Tighe WOODS, Appellee.

No. 4740.

District of Columbia Court of Appeals.

Submitted Sept. 30, 1969.

Decided Dec. 12, 1969.

Milton Eisenberg, Washington, D. C., for appellants.

Donald Cefaratti, Jr., and William E. Cumberland, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and FICKLING and NEBEKER, Associate Judges.

FICKLING, Associate Judge:

This is an action for damages for breach of fiduciary obligations instituted by purchasers of a house (appellants) against the real-estate broker (appellee). The purchasers contacted the broker with respect to the purchase of a house and were shown several houses, including one on Rittenhouse Street. They examined the Rittenhouse Street property in the presence of the vendors and discussed with them the driveway which adjoined the neighboring property and which was used jointly by the vendors and the adjoining property owners. Thereafter, in May 1966, a sales contract for this property was entered into by the purchasers and vendors which provided that the broker's commission be paid by vendors and that settlement would be no later than September 10.

After ordering title search from a title company pursuant to the contract, the broker received a "binder" [1] which stated that the right-of-way over the west 4 feet of the neighboring property adjoining on the east was of doubtful validity. He did not notify the purchasers of the receipt of this "binder" or its contents. However, at settlement, at which the purchasers were present, mention of the questionable right-of-way over the driveway was made to them by the settlement clerk and the purchasers were asked if they wanted owner's title insurance; when advised that it would not cover any questions involving the driveway, they refused such insurance and settled on the contract. They moved into the house shortly thereafter and used, and continue to use, the driveway, as had their vendors.

Prior to settlement the vendors and the adjoining property owner executed an agreement purporting to convey to the latter any right that the former had to the use

1. In this case, we construe this document as a preliminary notice of the status of the record title and as an offer by the title company to insure the title to the property subject to certain conditions.

of the right-of-way. This was done without the knowledge of any party to this action. When the agreement between the vendors and adjoining property owner was recorded after settlement, the purchasers made a claim against the vendors which was settled for $1,000, after which this action was brought against the broker.

After a trial on the merits, the trial court sitting without a jury concluded, as a matter of law, that although the broker had a duty to disclose the existence of the questionable title as reported in the "binder," the purchasers had proved no damage as a result of such failure to disclose the report and the court rendered judgment for the broker.

We affirm the judgment although we disagree with the court's conclusion that the broker had a *duty* to disclose the contents of the "binder" sent by the title company to the broker. As a general rule of law, a broker may not serve both parties to the transaction without their full and free consent. 12 C.J.S. Brokers § 43 (1938). And to establish an agency relationship, the agent must consent to act as such. Restatement (Second) of Agency § 15 (1957). The sales contract entered into by the purchasers, the broker, and the vendors, expressly designated the broker as the *vendors'* agent. There is no expression of consent, implicit or otherwise, by the vendors or broker to the broker's acting as the purchasers' agent. The contract merely "authorize[d] the undersigned agent [broker] to *order* examination of title" (emphasis supplied), but that provision can hardly be construed as creating any legal duty on the broker's part to disclose the contents of the "binder" if it is sent to him rather than the purchaser.

A thorough review of the record here convinces us that the purchasers failed to prove that an agency relationship existed, Goldberg v. Barta, D.C.Mun.App., 109 A.2d 779 (1954), McDonald v. Stone, D.C.Mun. App., 86 A.2d 624 (1952), and, therefore, no duty to disclose could have arisen.

In addition, and no doubt dispositive of this case, is the fact that the purchasers in the sales contract "expressly released [the broker] from *all* liability for damages by reason of any defect in title" (emphasis supplied). Suing for breach of fiduciary duty does not disguise the nature of this action: the purchasers are suing the broker for alleged damages due to an alleged defect in title. This they cannot do under their sales agreement of May 1966.

Finally we note that, in any event, the purchasers settled their claim regarding the driveway with the vendors and have been using and continue to use the driveway, as had their predecessors, from the day they entered into possession. They have suffered no injury due to the acts or omissions of the broker.

Affirmed.